## FABYAN *v.* RUSSELL.

Upon error to correct the taxation of costs, the court will reëxamine the matter and re-tax the costs, by a commissioner or otherwise, precisely as the court below ought to have taxed them originally; and neither oral nor written evidence will be received to contradict and control the proofs contained in the transcript of the record brought up from the court below.

In taxing bills of costs courts take judicial notice of the distances and relative situations of the residences of parties and witnesses, the length of terms, the appearance or non-appearance of defendants, the course of proceedings and the state of business before themselves, and inquire into every matter connected with their own records and orders, informing

themselves upon these subjects in any mode within their reach, and from any source upon which they are willing to rely.

An order of court, seasonably made, that no action except a designated one will be tried after a particular day of the term, and that parties will not be allowed to tax for the attendance of witnesses in other actions after that day, precludes the taxation of costs for the subsequent attendance of witnesses, in all but the specified action.

Parties will not, ordinarily, be allowed to tax fees for the travel and attendance of witnesses at a trial term, in a subsequent suit for a breach of the covenants of a lease to pay rent, while a prior suit between them, for a prior breach of the same covenants, involving precisely the same questions, is pending at the law term, the decision of which must be conclusive upon the subsequent suit, or after such decision has been made.

ERROR to the Court of Common Pleas for this county, to correct the alleged. erroneous taxation of costs in two judgments rendered in that court, in favor of the defendant against the plaintiff in error. The facts sufficiently appear in the opinion of the court.

*E. A. Hibbard,* and *H. A. Bellows,* for the plaintiff.

*Lyford,* for the defendant.

FOWLER, J.* These are writs of error, brought by the plaintiff, to correct alleged errors in the taxation of costs in two judgments against him in favor of the defendant, the first of which was rendered February term, 1854, and the second, September term, 1854, of the Court of Common Pleas for this county. The errors specified consisted in taxing too great fees for the travel and attendance of witnesses. Both the original suits were covenant broken upon a lease of the Mount Washington House, for non-payment of the annual rent stipulated to be paid therein.

At the December term, 1857, a commissioner was appointed to tax the costs and report the facts in each case. At the December term, 1858, the commissioner having asked for instructions, the court decided that where a writ

* BELLOWS, J., having been of counsel, did not sit.

of error is brought to reverse a judgment for costs, the errors, if any, are to be ascertained by a re-taxation upon the records and evidence, as furnished in the court below, and sent to this court in the transcript, and not upon new and extraneous evidence furnished here; that if the records and files of the court below are imperfect, that court may make all necessary orders to perfect them before sending up the transcript, and that if sufficient is not sent up to enable the court to tax the bill understandingly, diminution may be alleged, and a transcript of the necessary papers be obtained by a certiorari; but that it is not the practice in this State to receive oral testimony in taxing bills of costs. *Fabyan* v. *Russell,* 38 N. H. 84. The substance of this decision, as we understand it, was, that upon a writ of error to correct the taxation of costs, this court will reëxamine the matter, and re-tax the costs, either by a commissioner or otherwise, precisely as the court below ought, and are, therefore, presumed to have taxed them originally; and that neither oral or written evidence will be received to contradict and control the evidence brought up from the court below, by the transcript of the record.

After this decision had been made the reports were recommitted to the commissioner, who, at the last term, presented new reports, which the defendant in error moved to reject.

In the first suit, in the judgment in which error is charged, the original writ was dated September 5, 1850, and the amount taxed as witness fees was $261.33. In the second suit the original writ was dated July 24, 1852, and the travel and attendance of winesses was taxed at $97.20. In each case the transcript of the record contains copies or certificates and affidavits, sustaining the taxation and corresponding with it.

Unless, then, there be something found by the commissioner which may properly control the evidence furnished

by the transcript, the taxation must stand, since extraneous evidence cannot, under the previous decision, be received to contradict and overthrow the record.

It is well established that in taxing costs the court take judicial notice of the distance and situation of the residences of parties and witnesses, of the number of days the court sits at each term, of the appearance or non-appearance of the defendant, and inquire into every matter connected with their own records and orders, upon which a correct taxation of costs must depend. *Bedel* v. *Goodall*, 26 N. H. 92 ; *Ford* v. *Wright*, 7 N. H. 586.

Among other things, the court will judicially take notice of the course of proceeding and the state of the business at the several terms, and inform themselves upon this subject in any way within their reach. They may for this purpose examine the dockets of the court, and appeal to the recollection of the judge who presided at the time, to that of the clerk or any other officer of the court, or any other person on whom they are willing to rely.

In the first of the original judgments at the September term, 1851, one witness is taxed for twenty-one days, and three witnesses for twenty-four days' attendance each at that term. The commissioner finds that at this term an order was seasonably made by the court that no action except number one upon the docket would be tried after Tuesday of the second week, and that parties would not be allowed to tax for witnesses in other actions after that day. This was a matter of which the court would take judicial notice, being its own act and order, and inform its conscience in relation to it in the same manner as it would in relation to the number of days the term continued, or on which jurors were in attendance, or any other fact connected with its proceedings ; that is to say, from any sources of information on which it felt that it could safely rely. The commissioner, acting in place of the court in the re-taxation of costs, found the fact of the existence of this

Fabyan *v.* Russell.

order, upon the testimony of a counsellor of the court in attendance upon the term; and this, in the absence of record evidence, would seem to have been a most unexceptionable source of information.

The commissioner, satisfied of the existence of such an order, has very properly re-taxed the costs, in accordance with its requirements, allowing for each of the witnesses only eight days' attendance at this term, making the excess of taxation in the judgment, as rendered, above what it should have been, $76.25; the travel and attendance of witnesses as taxed in the judgment being $261.33, but as taxed by the commissioner $185.08. The judgment for costs must, therefore, be reversed. The whole costs were taxed in the judgment at $313.81, when they should have been taxed at only $237.56; for which latter sum, only as costs, a new judgment is to be entered, and the plaintiff in error is entitled to costs of the proceedings here. If the original judgment has been satisfied he must also have a writ of restitution for $76.25, with interest thereon from the time of payment, or from the date of the former judgment, if interest were collected on that judgment.

The commissioner reports a second taxation of costs in this case, wherein he deducts the whole sum taxed for the travel and attendance of B. F. Chapman, one of the witnesses at several terms, on the ground that it appeared before him by the testimony of Chapman himself that he was never inquired of as to his knowledge in the case, was never summoned, and never actually attended court as a witness, having only been requested by Daniel Burnham, another witness, " to be around," and was never paid any thing for his travel and attendance until after the writ of error was brought, and then only $10 or $15 in a settlement between himself and said Burnham. Deducting the fees of this witness, the commissioner makes the entire fees of witnesses in the judgment, $144.84, instead of $185.08.

As the fees of this witness were originally taxed upon his certificate, verified by affidavit, as appears by the transcript of record, we are of opinion that, under the rule promulgated in the former decision in these cases, the original taxation must stand, there being nothing of which the court can take judicial notice whereby that taxation can be corrected.

In the second suit in the judgment in which error is charged, the original writ was dated July 24, 1852, and judgment was rendered therein at the September term, 1854, for costs, taxed at $137.45, of which sum $97.20 was for the travel and attendance of witnesses. This suit was covenant broken on a lease for the non-payment of the rent of the Mount Washington House, for the year ending September, 1851.

The commissioner finds that at the September term, 1852, when this suit was entered, a prior action between the same parties, on the same contract, for a breach of the same lease, by the non-payment of rent for the same hotel the previous year, pending in the same court, was transferred to the Superior Court upon questions of law arising therein, and there continued pending until December term, 1853, when an opinion was delivered, which is the reported case of *Fabyan* v. *Russell*, 27 N. H. 529, and that the decision in this prior action "decided all in controversy in the suit for the rent due in September, 1851."

Under these circumstances the commissioner has not allowed any fees for the travel and attendance of witnesses "in the suit for the rent due in September, 1851," and we think rightly. Those fees were taxed for witnesses at the February term, 1853, September term, 1853, and February term, 1854, while at the two former terms a prior suit between the same parties, upon the same contract, involving every thing in controversy in this suit, was pending in the Superior Court, and at the latter term everything in controversy between the parties in this suit had been

definitively settled in the prior suit by the decision of the Superior Court. Such a condition of things, apparent from their own records and docket, the court would take judicial notice of, and not allow the defendant in error to tax fees for the travel and attendance of witnesses in a cause which there could have been no expectation of trying, and which the court would not have tried while every thing in controversy between the parties was awaiting a decision in the Superior Court, in a prior suit; or after that decision had been made. Besides, it is worthy of remark that with the exception of Harrison Burnham, for a single day in February, 1853, the only witness whose travel and attendance are taxed at any term, is the same Daniel Burnham to whom we have before alluded, as having secured the nominal attendance of B. F. Chapman as a witness, by requesting him " to be around."

The amount of the original judgment for costs should have been, then, only $40.25, instead of $137.45, as rendered. It must, therefore, be reversed, and a new judgment for the former sum be entered up. The plaintiff in error is entitled to costs of the proceedings here. If the original erroneous judgment has been satisfied, he is also entitled to a writ of restitution for $97.20, with interest from the time of payment, or if paid with interest, then with interest from the date of the original judgment.

*Judgments reversed, with costs.*